**Electronically Filed
Intermediate Court of Appeals
29286
07-JUN-2011
08:12 AM**

NO. 29286

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plantiff-Appellee, v.
ANGIE DELIGHT CARR, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0549(1))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Angie Delight Carr (Carr) appeals from a June 20, 2008 judgment of conviction in the Circuit Court of the Second Circuit (circuit court).[1] Carr was convicted of Negligent Injury in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-705 (1993) (Negligent Injury Offense), Accidents Involving Death or Serious Bodily Injury in violation of HRS § 291C-12 (2007) (Leaving the Scene Offense), and Operating a Vehicle Under the Influence of an Intoxicant in violation of HRS § 291E-61 (2007).

After a careful review of the record, the issues raised and the arguments made by the parties, and the applicable authority, we resolve Carr's appeal as follows.

1. Relying on State v. Liuafi, 1 Haw. App. 625, 623 P.2d 1271 (1981), Carr argues that she can only be convicted of either the Negligent Injury Offense or the Leaving the Scene Offense because inconsistent findings of fact are required to

_____

[1] The Honorable Joel E. August presided.

establish the commission of each.  However, <u>Liuafi</u> is inapposite as it involved the charges of Accidents Involving Death or Personal Injury[2] and Attempted Murder.[3]  In <u>Liuafi</u>, this court noted that the charge of Attempted Murder, requiring an intentional or knowing state of mind was inconsistent with an "accident" giving rise to the duty to give information and render aid.  <u>Id.</u> at 640-42, 623 P.2d at 1281-82.  Here, Carr was charged

---

[2]  Accidents Involving Death or Personal Injury, or failure to render assistance as it was called by the <u>Liuafi</u> court was defined in HRS § 291C-12 (1976) as follows:

> (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 291C-14.  Every such stop shall be made without obstructing traffic more than is necessary.

This subsection (a) remains substantially the same except that, in 1992, the scope of the offense was limited to those accidents involving death or serious bodily injury.  1992 Haw. Sess. Laws Acts 243 and 244 at 642-43.  Other subsections, not pertinent to this case, were subsequently added to this statute.

[3]  Liuafi was charged with Attempted Murder in violation of HRS §§ 707-701 and 705-500 (1976) which provided, in pertinent part,

> **§707-701  Murder.** (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

> **§705-500  Criminal attempt.**  (1) A person is guilty of an attempt to commit a crime if he:

>> (a)  Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

>> (b)  Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

> (2)  When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

2

and pleaded no contest to Negligent Injury Offense and Leaving the Scene Offense. The states of mind required for each are not inconsistent with the other. The circuit court did not abuse its discretion in denying Carr's motion to dismiss on this basis.

2. and 4. Carr also contends that the circuit court abused its discretion by denying her motion for deferred acceptance of her no contest plea. Carr points to the prosecution's "unfair characterization of defendant" in its argument in opposition to Carr's motion. We see no abuse. In addition to Carr's acknowledgment, in her change of plea form, that the circuit court could deny her deferral motion and her failure to object to the prosecution's argument, Carr points to no authority, and we find none, that supports her claim these arguments were improper.

More importantly, the record reflects that the circuit court's decision was based on its application of the requirements of HRS § 853-1(a) (1993).[4] The circuit court found that granting a deferral in Carr's case "would depreciate the seriousness of what has happened here" as "the ends of justice and the welfare of society" indicated that "some incarceration [was] appropriate."

---

[4] HRS § 853-1 (a) provides,

§853-1 **Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.** (a) Upon proper motion as provided by this chapter:

(1)    When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;

(2)    It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3)    The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

3. Finally, the record does not support Carr's contention that she was not afforded her right to allocution. The circuit court gave Carr the opportunity--which Carr exercised--to address the court and the complaining witness and his family prior to sentencing. The complaining witness, his friends and family, and the prosecutor were then given the opportunity to speak on the record. Carr's counsel did not request an additional opportunity to address the court before sentencing and on appeal offers no authority for the proposition that the circuit court was required to, *sua sponte*, offer Carr another opportunity to speak.

Based on the foregoing, the June 20, 2008 Judgment of the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai‘i, June 7, 2011.

On the briefs:

Christopher R. Evans,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4